**GEE NEE WAY v. McGRATH, Commissioner of Immigration and Naturalization.**

No. 9323.

Circuit Court of Appeals, Ninth Circuit.

April 19, 1940.

Stephen M. White, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and L. R. Mercado, Jr., Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a Chinese exclusion case. Appellant, while in custody under the excluding decisions of a board of special inquiry and of the Secretary of Labor,

petitioned for a writ of habeas corpus. The appeal is from the denial of the writ.

The only question presented is whether appellant was given a fair hearing before the board of inquiry and whether the decision in his case is supported by credible evidence.

Appellant was born in China in 1915. In 1929 he first sought admission into this country as a citizen under § 1993, R.S., 8 U.S.C.A. § 6, claiming to be a son of Jee She Ning, alias Gee You Ung, a native-born citizen of the United States. At that time it was claimed that appellant was one of three sons of the named father, of whom the eldest was Gee Yook Ngow and the youngest Gee Nee Jick. He was admitted and issued a certificate of identity. Later on in the same year, after having obtained a citizen's return certificate, he went back to China in company with said Jee She Ning, the supposed father. In May, 1938, he sought readmission.

In large part his exclusion is based upon testimony in another case given in 1931 by three Chinese who claimed to be fellow villagers of appellant. They identified photographs of Jee She Ning (Gee You Ung) and of appellant and testified in agreement that the latter is the grandson of Jee She Ning, being in fact a son of Gee Yook Ngow, a son of Jee She Ning (Gee You Ung). The said Gee Yook Ngow had never come to the United States. [1]

When appellant sought readmission in 1938, the officials at San Francisco detained him for inquiry in order to substantiate or clear away the implication of fraud suggested by this testimony. Investigations were conducted through the American consul-general at Canton, where appellant had testified he and his father had resided with other members of the family at a certain address, and where appellant claimed he and his father had been employed together in business in Canton. In part the consul-general's report to the immigration authorities tended to bear out the testimony given by the three Chinese in 1931.

On the other hand there was much evidence in support of the proposition that appellant is in fact the son of Jee She Ning, not his grandson. Items in the report of the consul-general tend to support that view. From the showing as a whole the board of special inquiry, and the Secretary of Labor on review of its findings, might readily have reached a conclusion favorable to appellant. But it is the board's responsibility, not the court's, to weigh the evidence and determine the credibility of witnesses. The burden was on appellant to prove his citizenship; and while the 1929 determination of his status made out a prima facie case in his behalf, we cannot say that the evidence obtained in 1931, and later in the Canton investigation of 1938, was insufficient to impeach the earlier showing. Yong Yung See v. United States, 9 Cir., 92 F.2d 700. Judicial rules of evidence are not strictly applied by administrative boards in exclusion cases. United States ex rel. Ng Kee Wong v. Corsi, 2 Cir., 65 F.2d 564.

Affirmed.

---

[1] The right of citizenship does not descend to children whose fathers never resided in the United States. R.S. § 1993, 8 U.S.C.A. § 6.