limited to the question presented by the petition for the writ which reads as follows:

"Where a deficiency in excess profits tax, based on the income and credits as shown in the taxpayer's return, would have existed except for the subsequent application of Section 722 of the Internal Revenue Code, is the taxpayer liable for interest on the amount of such deficiency (hereinafter called the 'potential deficiency') which would have existed had it not been extinguished by the application of Section 722?"

*W. A. Sutherland* and *Mac Asbill, Jr.* for petitioner. *Solicitor General Sobeloff* for the United States.

No. 628. SOLOMON, ADMINISTRATOR, *v.* BEATTY. Supreme Court of Florida. Certiorari denied. *Barnet Lieberman* for petitioner. *J. Willison Smith, Jr.* for respondent.

No. 674. NG YIP YEE *v.* BARBER, DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE. C. A. 9th Cir. Certiorari denied. *Alfonso J. Zirpoli* for petitioner. *Solicitor General Sobeloff, Assistant Attorney General Olney, Beatrice Rosenberg* and *Robert G. Maysack* for respondent.

No. 679. WILLIAMS *v.* KYGER ET AL. Supreme Court of Ohio. Certiorari denied. Petitioner *pro se. Gwynne B. Myers* for respondents.

No. 680. STACY ET AL. *v.* GREENBERG ET AL. Supreme Court of New Jersey. Certiorari denied. *Edward R. McGlynn* for petitioners. *Reynier J. Wortendyke, Jr.* for respondents.