**FLOWER FURNITURE MANUFACTURING CORP., Plaintiff,**

v.

**P. A. ESPERDY, District Director of Immigration and Naturalization Service for the District of New York, Defendant.**

United States District Court
S. D. New York.

Sept. 27, 1962.

As Amended Oct. 10, 1962.

---

Roy Babitt, Special Asst. U. S. Atty., New York City, for defendant.

Harry D'Antonio, Brooklyn, N. Y., for plaintiff.

COOPER, District Judge:

In this declaratory judgment action (28 U.S.C.A. § 2201, 5 U.S.C.A. § 1009), plaintiff seeks judicial review of an administrative determination denying its petition to accord one Francesco Colangelo first preference quota status as an immigrant within the provisions of § 203(a) (1) of the Immigration and Nationality Act, 8 U.S.C.A. § 1153(a) (1).

Plaintiff alleges that the District Director "capriciously and arbitrarily" denied its petition for such preferential status on the grounds that it failed to establish that Colangelo's services are urgently needed in the United States as required by § 203(a) (1) of the Immigration and Nationality Act. Further, plaintiff contends that, in denying plaintiff's petition, defendant "acted contrary to the law and deprived plaintiff of the due process of law granted under the Constitution of the United States * * *" (Complaint, ¶¶ 6, 8.)

By this action, plaintiff therefore seeks a judgment "setting aside" defendant's order denying first preference status to Colangelo and, in addition, an order directing the approval and granting of plaintiff's petition for such preferential treatment for Colangelo. (Complaint, p. 5) Defendant moves for summary judgment dismissing the complaint as a matter of law.

■ In the case at bar, the Court's jurisdiction stems from § 279 of the Immigration and Nationality Act (8 U.S.C.A. § 1329). The Supreme Court has long held, however, that in *exclusion* cases involving an alien's attempt at entry, the decisions of executive or administrative officers, acting within powers expressly conferred upon them by statute, conform fully to Constitutional requirements of due process. See United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed 317 (1950); Nishimura Ekiu v. United States, 142 U.S. 651, 12 S.Ct. 336, 35 L.Ed. 1146 (1892). The role of judicial review in this area of the law is strictly limited and only a "threshold" review may be obtained in the courts.

■ Thus, the courts will not in such instances make *de novo* findings of fact, and no full judicial review of the factual issues is permitted. Rather, judicial review in this context is confined to the examination of whether the administra-

tive action is based upon statutory grounds and supported by substantial evidence. United States ex rel. Johnson v. Shaughnessy, 336 U.S. 806, 69 S.Ct. 921, 93 L.Ed. 1054 (1949); Kessler v. Strecker, 307 U.S. 22, 34, 59 S.Ct. 694, 83 L.Ed. 1082 (1939). The scope of judicial review, moreover, remains strictly within these substantive limitations even though an exclusion order could heretofore be reviewed by means of an action for declaratory judgment under § 10 of the Administrative Procedure Act, Brownell v. Tom We Shung, 352 U.S. 180, 186, 77 S.Ct. 252, 1 L.Ed. 2d 225 (1956), but see 8 U.S.C.A. § 1105 (b) (1961 Supplement). AUERBACH, IMMIGRATION LAWS OF THE UNITED STATES, 366–67 (2nd ed., 1961).

Section 203(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1153 [a]) provides, in relevant part:

"Immigrant visas to quota immigrants shall be allotted in each fiscal year as follows:

"(1) * * * (A) to qualified quota immigrants whose services are determined by the Attorney General to be needed urgently in the United States because of the high education, technical training, specialized exeperience, or exceptional ability of such immigrants and to be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States, * * *."

Section 204 (8 U.S.C.A. § 1154) provides:

" * * * *

"(b) Any person, institution, firm, organization, or governmental agency desiring to have an alien classified as an immigrant under section * * * 1153(a) (1) (A) of this title shall file a petition with the Attorney General for such classification of the alien. The petition shall be in such form as the Attorney General may by regulations prescribe and shall state the basis for the need of the services of such alien and contain such additional information and be supported by such documentary evidence as may be required by the Attorney General. * * *

"(c) After an investigation of the facts in each case, and after consultation with appropriate agencies of the Government, the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in respect of whom the petition is made is eligible for an immigrant status under section * * * 1153(a) (1) (A) of this title, approve the petition * * *."

In accordance with § 204(b), plaintiff, a furniture manufacturer, filed a petition with the District Director (the Attorney General's delegate), seeking to secure first preference status under § 203 (a) (1) (A) for Francesco Colangelo. The petition filed May 31, 1961, stated that plaintiff was a corporation petitioning on behalf of the alien as a highly skilled person whose occupation it described as "cabinet maker and wood carver"; and pursuant to the applicable regulations (8 C.F.R. ¶ 204), plaintiff annexed a clearance order from the Bureau of Employment Security.

The application for this order had stated that the opening was for a person "Fully experienced as cabinetmaker on fine furniture. Able to work from designs. No union requirements." It declared the rate of pay to be $100 per week and described the duties as "To assemble and finish fine furniture—work from designs." With respect to this application, the Bureau stated that qualified workers of the kind described were not available.

In processing plaintiff's petition for first preference status, the Attorney General, pursuant to the mandate of § 204(c) of the Act, commenced "an investigation of the facts" of the case, including "consultation" with appropriate agencies of the Government, to de-

termine whether Colangelo was eligible for such preference as a person whose services are "urgently needed" in the United States under the terms of § 203 (a) (1) (A).

As part of this investigation of the facts, an officer of the Department of Justice's Immigration and Naturalization Service examined the manager of the plaintiff corporation under oath. The administrative file and record of the Service (annexed to the moving papers) discloses that plaintiff's manager stated his furniture company employed approximately thirty people of whom six or seven were cabinetmakers, that it was a union shop, and that the duties of Colangelo would be to work up to the raw stages of the furniture making process and that the finishing would be done by others.

Shortly before, the Attorney General conducted an extensive survey of labor and management in the furniture field. This survey disclosed that no shortage of cabinet makers prevailed in the New York area and that indeed, some unemployment existed among union cabinetmakers.

Upon the basis of his investigation of the facts in accordance with §§ 203(a) and 204(c) of the Act, the District Director determined that "the urgent need required by Section 203(a) (1) of the Immigration and Nationality Act has not been established" by plaintiff and therefore denied the petition. In so doing, the Director noted that the United States Employment Service clearance order submitted with plaintiff's petition "is only advisory in nature and not conclusive" and that the Attorney General's investigation had "developed that qualified cabinetmakers capable of performing the services [plaintiff is] petitioning for are available in this area." (Notice of Denial.)

Although plaintiff failed to file a timely appeal as required by regulations, the Service entertained his motion for reconsideration and on October 25, 1961, entered an order adhering to its original denial of the petition on the grounds that the "urgent need" required by § 203 (a) (1) had not been established. Defendant concedes that plaintiff has exhausted its administrative remedies and that the order reaffirming the denial is final for purposes of judicial review.

The statute [§ 204(c)] unambiguously vests the Attorney General with the authority to conduct "an investigation of the facts in each case" and further provides that the Attorney General shall determine after "consultation" with appropriate governmental agencies whether "the facts stated in the petition are true" and whether the alien "is eligible for an immigrant status under [§ 203 (a) (1) (A)]."

■ It seems plainly evident, therefore, that the employment service clearance order with respect to the non-availability of cabinetmakers can in no sense be deemed conclusive. Such information must be regarded as advisory only. It is simply one of many evidentiary factors to be considered by the Attorney General in making his determination, based upon an "investigation of the facts in each case," as to eligibility for the preferential immigrant status. See §§ 203(a) (1) (A), 204 (c).

■ Upon the record before the Court, the administrative findings of fact as to lack of urgent need appear amply supported by substantial evidence. The record discloses that the Attorney General conducted a thorough inquiry with respect to the furniture making industry and the labor market for cabinetmakers and woodcarvers in the New York area; and the results of the investigation afford substantial evidentiary support for the finding that no urgent need has been established in this case. See Kessler v. Strecker, supra; Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); United States ex rel. Russo v. Thompson, 172 F.2d 325 (2nd Cir. 1949); 5 U.S.C.A. § 1009(e).

In this connection, it should be borne in mind that it is the administrative officer's responsibility, not the Court's, to weigh the evidence and determine the credibility of witnesses. Gee Nee Way v. McGrath, 111 F.2d 326, 327 (9th Cir., 1940).

With respect to the relevance of the clearance order filed by plaintiff, the District Director correctly took cognizance of the fact that, although plaintiff actually operated a union shop, the application for a clearance order stated "No union requirements."

In any event, the record plainly reveals that defendant acted pursuant to statutory authority and resolved issues of fact against plaintiff upon the basis of substantial evidence.

Accordingly, the motion is granted and the complaint is dismissed.

So ordered.