**LUN KWAI TSUI, as next friend of Lee Yun Chang, et al., Plaintiffs,**

v.

**The ATTORNEY GENERAL OF the UNITED STATES, Defendant.**

**Civ. A. No. 77–1540.**

United States District Court, District of Columbia.

Feb. 1, 1978.

Jack Wasserman, Washington, D. C., for plaintiffs.

Richard H. Chaifetz, Govt. Regulations and Labor Section, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the court on cross-motions for summary judgment. This is an action to have the denial of a change in plaintiffs' nonimmigrant status declared arbitrary, unjustified, and unlawful and therefore, to have the applications for a change in status approved. Plaintiffs are citizens of the Republic of China and their next friend Lun Kwai Tsui. On February 13, 1976, plaintiffs were denied nonimmigrant visas by the United States Consul in La Paz, Bolivia. Plaintiffs reapplied for admission on May 28, 1976. In their application, they stated that they would be coming to the United States for a period of one month as tourists and would stay at the Surf Comber Hotel in Miami, Florida.

Plaintiffs were granted visas on July 2, 1976 in La Paz and entered this country on July 3. At that time, they requested and were granted a stay of six months in the United States and they represented to the inspector that they would be staying at an Annandale, Virginia address. On August 12, 1976, plaintiffs obtained certificates of eligibility for nonimmigrant student status from a private school in Falls Church, Virginia. On October 18, 1976, plaintiffs filed for a change of nonimmigrant status under 8 U.S.C. § 1258. In their applications, plaintiffs stated that their objective was to obtain an American education and that they did not apply for a student visa prior to entry because their parents decided that such an education was desirable after their arrival in the United States and consultation with school officials. They also submitted with their applications bank statements which indicated that each plaintiff had a bank account with a balance of $40,-000.

The applications were rejected by the District Director of the Immigration and Naturalization Service (INS) on April 12, 1977. The basis for rejection was that at the time the applications for nonimmigrant visas were filed, plaintiffs had stated that they were entering for the purpose of tourism and that they would only stay one month before returning to China. In addition, the Director noted that they misrepresented the address at which they would be staying in their visa applications and promptly requested a six-month stay. He also pointed out that shortly after arriving they obtained the certificates of eligibility from the school and money was deposited in bank accounts for the plaintiffs. The Director concluded from these facts that the plaintiffs entered the United States with the intent of being students and therefore, denied the requested change.

Plaintiffs appealed to the Regional Commissioner of INS and submitted three affidavits in support of their appeal. The Commissioner affirmed the Director's decision on August 17, 1977 and dismissed the appeal. The Commissioner held that plaintiffs were not bona fide visitors when they entered, but rather entered with the intent of becoming students. The Commissioner noted that the usual means for obtaining student visas was circumvented and that plaintiffs were excludable under 8 U.S.C. § 1182(a)(26), because they did not have proper documentation as nonimmigrants at that time. Therefore, the Commissioner

held that plaintiffs were ineligible for a change of status under 8 U.S.C. § 1258.

■ Under the Administrative Procedure Act, § 10(e)(2)(A), the administrative decision must be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1970); *Richards v. INS*, 180 U.S.App.D.C. 314, 318, 554 F.2d 1173, 1177 (1977). In reviewing the decision, the "merit of the administrative decision, is to be determined exclusively on the administrative record." *Richards, supra,* at 318, 554 F.2d at 1177; *see Doraiswamy v. Secretary of Labor,* 180 U.S.App.D.C. 360, 555 F.2d 832 (1976). Therefore, summary judgment is appropriate after a review of the administrative record. *See Richards, supra,* 180 U.S.App.D.C. at 318, 554 F.2d at 1177 n. 28. The court is "not permitted to make an independent inquiry into the facts and try the issues de novo." *Ahn v. District Director of United States INS,* 418 F.2d 910, 911 (9th Cir. 1969); *see Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

■ The court may find an abuse of discretion "only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law." *Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir. 1971). In the present case, it does not appear that there was an improper understanding of the law. Furthermore, not only is there evidence to support the administrative decision, the decision is fully supported by substantial evidence in the administrative record.

■ Under 8 U.S.C. § 1258, a nonimmigrant alien may adjust his status from one classification to another subject to rules prescribed by the Attorney General provided that the alien has maintained his current nonimmigrant status. The burden of proof as to plaintiffs' eligibility for classification as nonimmigrant students is on them. *See* 8 U.S.C. § 1361; *Campos v. INS,* 402 F.2d 758, 760 (9th Cir. 1968). Thus, in this case at the administrative level the plaintiffs had to carry the burden of proof that they had maintained their status as nonimmigrant visitors for pleasure. The District Director and Regional Commissioner held that the plaintiffs do not possess valid nonimmigrant visas and therefore, they had not maintained their status. The basis for this conclusion was his opinion that the plaintiffs' obtaining visas as tourists was a pretext and that their original intent was to become students. Furthermore, they found that the plaintiffs were not properly documented as students at the time of entry and thus were inadmissible under 8 U.S.C. § 1182(a)(26). Thus, the Director and the Commissioner considered their present nonimmigrant visas invalid and the plaintiffs ineligible for a change of status under § 1258. *See* 8 U.S.C. § 1101(a)(15)(B).

■ The administrative record fully supports this finding with substantial evidence. The plaintiffs were issued visas as visitors for pleasure and gave the name of a hotel in Miami as their destination. Upon their arrival they obtained a six-month stay as temporary visitors and gave their destination as Annandale, Virginia. Prior to their arrival, their father transferred over $75,-000 to a bank account in this country for their use. Within six weeks of their arrival, the plaintiffs obtained certificates of eligibility for nonimmigrant status as students from a private school in Virginia. On October 22, 1976, the plaintiffs filed applications for a change of status seeking student visas, including with the applications a bank certificate indicating that each plaintiff had a bank account of $40,000 to cover school expenses. Thus, it appears that the Director's and the Commissioner's conclusions that the plaintiffs' representations that they desired to enter this country for a brief visit were a pretext and that they actually intended to become students were not arbitrary, capricious, nor an abuse of discretion. Furthermore, the Commissioner and the Director properly understood and applied the relevant law in finding that the plaintiffs did not qualify for a change of status under § 1258. It is also apparent that the Commissioner and the Director fully considered all of the relevant factors and the affidavits and the other evidence presented by the plaintiffs.

**836**

■ Plaintiffs' basic assertion is that INS has charged the plaintiffs with fraud and found their actions to have been fraudulent. Plaintiffs then present an extensive review of the law of fraud including the elements that must be established and the standards to be applied. It does not appear, however, that a determination of fraud is necessary in order to find that a nonimmigrant visa is invalid under 8 U.S.C. § 1182(a)(26). Although there has been no determination by the courts as to whether a finding of fraud is required by that section, it should be noted that there is another section specifically dealing with fraud and the government must prove that there were wilful, material misrepresentations under that section. 8 U.S.C. § 1182(a)(19); *Castaneda-Gonzalez v. INS*, 564 F.2d 417, 434 (D.C.Cir.1977). In the present case, however, the government is not trying to deport the plaintiffs for misrepresentations under § 1182(a)(19). Therefore, it does not appear that a finding of fraud is necessary to a determination that a visa is invalid.

■ In any event, even if a finding of fraud is required by § 1182(a)(26), or the government is required to show wilful misrepresentations under § 1182(a)(19) to invalidate the visas, the grant of a change of nonimmigrant status is discretionary under § 1258. Thus, assuming *arguendo* that the facts in this case are insufficient to establish fraud by the plaintiffs, the questionable circumstances surrounding their entry certainly would warrant an exercise of discretion adverse to the plaintiffs. It was reasonable for the Commissioner and the Director to find that the plaintiffs were less than candid with immigration officials and therefore, a change in status from visitor to student was not warranted. It was not arbitrary, capricious, nor an abuse of discretion for these officials to decline to exercise their discretion in favor of the plaintiffs.

■ Plaintiffs also assert that the issuance of visas to them and their admission into this country preclude a challenge to the validity of their visas. Again, the exercise of discretion adverse to their applications can be upheld regardless of the validity of their visas. To address plaintiffs' point, however, it is evident that neither prior decisions of the State Department nor decisions of immigration inspectors are binding on the Attorney General and his delegates in subsequent proceedings. *See Alacron-Baylon v. Brownell*, 250 F.2d 45, 47 (5th Cir. 1957); *Yee v. Barber*, 210 F.2d 613, 614 (9th Cir.), *cert. denied*, 347 U.S. 988, 74 S.Ct. 850, 98 L.Ed. 1122 (1954); *cf. Cartier v. Secretary of State*, 165 U.S.App.D.C. 130, 135–137, 506 F.2d 191, 196–98 (1974), *cert. denied*, 421 U.S. 947, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975). Thus, the denial of a change in nonimmigrant status from visitor to student was not arbitrary, capricious, nor an abuse of discretion and the applicable law was properly applied. Therefore, defendant's motion for summary judgment will be granted.