**Leonila DE LEON and Rufina R. Bedana, Plaintiffs,**

v.

**Maurice F. KILEY, District Director Immigration and Naturalization Service, New York, New York, Defendant.**

**No. 78 Civ. 1200(MP).**

United States District Court, S. D. New York.

Nov. 28, 1978.

Barst & Mukamal, New York City, for plaintiffs, by Edward L. Dubroff, New York City.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, by Katherine J. Trager, Sp. Asst. U. S. Atty.

## DECISION

POLLACK, District Judge.

Defendant, Kiley, the District Director of Immigration and Naturalization Service ("Service") moves pursuant to Rule 56, Fed. R.Civ.P., for summary judgment in his favor dismissing the complaint. For the reasons shown hereafter, the motion will be granted.

Plaintiffs sue for a declaratory judgment and for a review of an administrative determination involving an immigrant visa petition and for a stay of deportation. Leonila De Leon ("De Leon"), a resident alien seeks a visa preference status for and on behalf of her alleged daughter, Rufina R. Bedana ("Bedana"), an unmarried woman, 40 years of age. De Leon, a citizen of the Philip-

pines, was granted entry into the United States (at Honolulu) as a permanent alien resident on March 24, 1976. On June 8, 1976 Bedana arrived in this country as a so-called B–2 visitor, her stay herein to expire on September 15, 1976. Shortly before that expiration date, on August 26, 1976, Bedana filed a petition for a visa—a second preference status—under section 203(a)(2) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1153(a)(2) under which visas are allocated "to qualified immigrants who are the spouses, unmarried sons or unmarried daughters of an alien lawfully admitted for permanent residence." [1]

Upon review of the petition and the supporting documents, the defendant, on March 18, 1977, denied the visa petition for Bedana, it appearing from substantial evidence that Bedana was not as claimed by De Leon, her illegitimate daughter, but rather De Leon's niece, the child of a deceased sister, Socorro Renoso Bedana and the latter's husband, also deceased, Rufino Bedana.

On appeal to the Board of Immigration Appeals it was contended on behalf of plaintiffs that new evidence existed which would support the claimed relationship and on their motion for remand before the date set for oral argument of the appeal the proceedings were remanded to the Service on July 17, 1977 for consideration of the alleged new evidence. On July 21, 1977 the defendant concluded that the new evidence submitted is insufficient to overcome the evidence presented in official documents and the order of March 18, 1977 denying the visa petition was reaffirmed by the defendant and the record of proceedings was certified to the Board of Immigration Appeals.

The case on appeal was argued orally on November 16, 1977 and on January 31, 1978 the decision of the defendant was affirmed, in opinion.

---

1. Those who qualify under this section are permitted to enter the United States without first having to comply with the labor certification requirements in the Act. Section 212(a)(14), 8 U.S.C. § 1182(a)(14).

This suit was then filed by plaintiffs asserting that the adverse decisions mentioned were not rationally based, constituted an abuse of discretion, and represented unfair administrative procedures in that plaintiffs were not given an administrative hearing, albeit that none had been requested by plaintiffs or their counsel.

In its papers on the motion for summary judgment, the government contends that an examination of the administrative record of evidence, as a matter of law, establishes by substantial evidence a rational explanation of the agency's determination, an entire absence of any invidious discrimination, and conformance with rather than departure from established law and practise. Thus, as a matter of law, no abuse of discretion could be found in the agency's result.

The Court's review of a matter of this kind is limited to the administrative record. *Richards v. I.N.S.*, 180 U.S.App.D.C. 314, 554 F.2d 1173 (1977); *Royalton College, Inc. v. Clark*, 295 F.Supp. 365 (D.Vt.1969); *Flower Furniture Mfg. Corp. v. Esperdy*, 229 F.Supp. 182 (S.D.N.Y.1962). Plaintiffs have no right to a trial by this Court *de novo.* 6 J. Moore, Federal Practice, ¶ 56.-17[3] p. 56–693.

The undisputed proof from official sources establishes the following as fact.

The plaintiff, Bedana, was born in the Philippines on January 9, 1938. The official certificate of birth dated January 9, 1938 states that the birth was in the City of Manilla at Nippon Maternity Hospital. The certificate recites the child's name as "Rufina Mazaria Bedana"; father's full name, "Rufino Bedana"; mother's maiden name, "Socorro Renoso"; citizenship of both parents "Filipino"; civil status of the parents, "married". Appearing on the certificate of birth is the certification of the midwife named thereon that she attended the birth of this child to Socorro Renoso (Bedana) at the maternity hospital mentioned.

The parents of the child were of the Catholic faith and on April 10, 1938, the Catholic Priest of Baguio Cathedral issued a baptismal certificate of a church record listing the same individuals as the parents of Rufina Mazaria Bedana, plaintiff herein.

The co-plaintiff, whose maiden name was Leonile L. Reynoso, married Doroteo Cruz De Leon in March 1944, in the Philippines. There were a number of children born to this couple thereafter in the Philippines, one of whom—a daughter—became a United States citizen.

Rufino Bedana died on August 31, 1954 in the Philippines and his wife Socorro M. Bedana died on January 23, 1970 in the Philippines.

On March 24, 1976 the plaintiff, De Leon, still a Philippine citizen, arrived in the United States (at Honolulu) as a permanent alien resident. De Leon was able to gain entry as a parent of a United States citizen, her daughter Melinda Reynoso Uppole. § 201(b) of the Act, 8 U.S.C. § 1151(b). De Leon's daughter obtained entry for her mother by a petition to the Service, made about August 1, 1974, in which she swore that her mother had eight children, all of whom she named in the petition. Petitioner Bedana was not included in that list of De Leon's children. Shortly thereafter the plaintiff Bedana arrived in the United States as a B–2 visitor, her stay privilege expiring on September 15, 1976.

On August 26, 1976 Bedana petitioned for the visa in dispute in this case. It was in connection with the attempt to obtain that visa that the story emerged which the defendant did not credit.

In the petition for Bedana's visa, De Leon alleged that Bedana was not her niece, but her daughter. (Nieces and nephews of permanent resident aliens are not accorded any preference in the allocation of visas. See section 203 of the Act, 8 U.S.C. § 1153). Accompanying the petition was De Leon's affidavit in which she stated that Bedana was her illegitimate child, born to her while she was single and that the child was, therefore, christened and registered in her sister's name to avoid "shame" from being cast on her family. Bedana was thereafter raised by Socorro Bedana and not told of her "real" parentage until her presumed mother had died in 1970 (when Bedana was

at least 32 years old). Similar affidavits from De Leon's spouse (Bedana's purported natural father) and De Leon's children were also submitted.[2] A report of a blood test was submitted to indicate that the blood types of Bedana and De Leon were not incompatible and do not rule out (nor do they rule in) a mother-daughter relationship.

Noting among other things that after the alleged disclosure to Bedana of the claimed parentage, no effort was undertaken to amend the official records to indicate a different set of parents for Bedana as well as the 1974 petition of De Leon's daughter designed to gain entrance for De Leon to this country which recites the eight children of her mother as all of them and makes no mention of Bedana whose supposed sibling status had been disclosed some years previously, the District Director and the appellate tribunal concluded that the petitioners had failed to overcome the evidence in the official records that showed that De Leon's sister, Socorro Bedana, was Bedana's mother.

The plaintiffs' papers express a notion that some procedural unfairness occurred in the manner in which the agency handled this case. Admittedly, neither the plaintiffs nor their attorneys who represented them throughout the proceedings ever requested a hearing as they were permitted to do under the regulations. 8 C.F.R. 242.-16. They excuse this apparently as a deliberate omission believing that such a request would have been a "charade" and "an exercise in futility." Considering the bizarre nature of the claims herein in the face of solid evidence to the contrary, the omission of a request for a hearing takes on particular significance and gives indication that the characterizations aptly may describe the claims rather than the proceedings. Not only was there no request for a hearing at the District Director level but also no claim therefor was made in their appeal therefrom by the plaintiffs. Absent some request at the agency level, there is nothing for a reviewing Court to do about it; the administrative agency is entitled to hear and decide any procedural matter such as this and if not tendered, it may not be raised here in the first instance.

The decisions of the Director and the Board of Immigration Appeals are well supported by substantial evidence, give a rational explanation of the agency's determination and are in full compliance with applicable statutes, regulations and case law. There is no valid basis on which this Court may substitute its judgment for that of the Service. The grant of a preference visa under the circumstances herein disclosed is entirely within the discretion of the Service. The result appears proper and there was no unfairness in any aspect of the agency's proceedings; there is no genuine issue of material fact raised by plaintiffs herein.

The motion for summary judgment is granted and the Clerk is directed to enter judgment in favor of the defendant and against the plaintiffs dismissing the complaint on the merits, with costs to be taxed.

SO ORDERED.

---

2. Melinda Reynoso Uppole (De Leon's American daughter) is missing from these affiants.