**FONG SEN, Plaintiff,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
**Defendant.**

**Civ. A. No. 5498.**

United States District Court
E. D. Louisiana, New Orleans Division.
Jan. 6, 1956.

Dean A. Andrews, Jr., New Orleans, La., for plaintiff.

Prim B. Smith, Jr., New Orleans, La., Gilbert E. Zimmerman, Washington, D. C., for defendant.

WRIGHT, District Judge.

Petitioner, a Chinese national lawfully in the United States under a temporary permit, applied to the Immigration and Naturalization Service for adjustment of his temporary nonimmigrant status to that of a lawful permanent resident under the provisions of Section 6 of the Refugee Relief Act of 1953,[1] as amended, 67 Stat. 400 (1953), amended 68 Stat. 1044 (1954). After a hearing on the application, it was denied. Petitioner is here asking for a declaratory judgment, review of the administrative order, and injunctive relief.

The record made before the Immigration and Naturalization Service shows that Fong Sen was born in Sunwui, Province of Kwantgung, China, on September 4, 1911. In 1931 he departed China for the British colony of Hong Kong, residing there until about 1941 when he returned to China on account of the Japanese occupation of Hong Kong. He remained in China until 1945 when he returned to Hong Kong, where he resided until his departure for the United States in 1949. On February 17, 1949, he was admitted to the United States temporarily as a visitor for business until May 17, 1949.

Fong Sen testified that he is unable to return to the country of his birth because of fear of persecution, that country being Communist dominated. He also testified that he fears to return to his place of last residence, Hong Kong, as it might be dangerous to return to that country. He did not indicate why it would be dangerous for him to return to Hong Kong. The record shows that applicant is able to return to Hong Kong and the court takes judicial notice of the fact that Hong Kong is a British Crown colony and that the British authorities

1. 50 U.S.C.A.Appendix, § 1971d.

there have not undertaken any persecution of anyone on account of race, religion or political opinion.

■■ Plaintiff's application for adjustment of temporary nonimmigrant status under the provisions of Section 6 of the Refugee Relief Act of 1953 was denied by the Acting Regional Commissioner of the Immigration and Naturalization Service. Since, under the regulations, no administrative appeal lies from the Regional Commissioner's determination, plaintiff has exhausted his administrative remedies. The agency action, therefore, is reviewable by this court under Section 10 of the Administrative Procedure Act.[2] Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591. Unless, upon the record of the administrative hearing afforded petitioner, the proceedings were manifestly unfair, discretion manifestly abused, error of law committed, or unless these proceedings contain no substantial evidence, considering the record as a whole, to support the administrative finding, that finding must stand. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

■■ Under Section 6 of the Refugee Relief Act of 1953, the burden is upon the applicant to establish to the satisfaction of the administrative authorities "that he is unable to return to the country of his * * * last residence because of persecution or fear of persecution on account of race, religion, or political opinion * * *." Examination of the record of the hearing afforded petitioner by Immigration and Naturalization Service discloses that petitioner submitted no proof to sustain that burden. Petitioner's own testimony indicates that Hong Kong is his last place of residence prior to coming to this country and no basis for fear of returning thereto is shown. Accordingly, it is the determination of this court that the ad-

ministrative decision denying petitioner's application for adjustment of status under Section 6 of the Refugee Relief Act is supported by sufficient evidence. Since petitioner makes no contention that the agency proceeding was manifestly unfair, that a manifest abuse of discretion or error of law has been committed, this court may not interfere with the administrative determination.

For the reasons stated, petitioner's complaint must be dismissed.