**Ahmad Reza SEIHOON**

v.

**Edward H. LEVY, Attorney General of the United States, et al.**

**Civ. A. No. 75–220.**

United States District Court, M. D. Louisiana.

March 12, 1976.

---

Doris Falkenheiner, Asst. Director, Legal Aid Society of Baton Rouge, Baton Rouge, La., Michael O. Hesse, Staff Atty., Legal Aid Society of Baton Rouge, Baton Rouge, La., for plaintiff.

Douglas M. Gonzales, U. S. Atty., M. D. La., Robert S. Levi, Asst. U. S. Atty., M. D. La., Baton Rouge, La., for defendants.

E. GORDON WEST, District Judge:

This is an action for judicial review of an administrative decision of the U. S. Immigration and Naturalization Service denying an Iranian alien's requested change of nonimmigrant status from "visitor" to "student", as those respective statuses are described in 8 U.S.C. § 1101(a)(15)(B) & (F)(i). Plaintiff Ahmad Reza Seihoon seeks a declaratory judgment under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., that his requested change of nonimmigrant status should be granted.

Subsequent to the filing of this suit, this Court on June 25, 1975, with the consent of all parties, preliminarily enjoined the defendants from enforcing the voluntary departure order issued to Seihoon on June 16, 1975, by the District Director of the Immigration and Naturalization Service (INS), requiring his departure from the United States by June 28, 1975. The case was remanded by this Court on July 22, 1975, to INS for reopening of the administrative appeal process, upon the motion of the United States Attorney. Upon further review, the INS Regional Commissioner clarified and affirmed his previous order upholding the INS District Director's denial of status change as requested by Seihoon. A supplemental complaint was then filed herein reviving the action for judicial review, as the Regional Commissioner's clarifying decision and dismissal of plaintiff's administrative appeal constituted a final decision. The Court ordered cross motions for summary judgment to be filed at which time the case was considered submitted. Those motions plus supporting memoranda and a certified copy of the administrative record are now before the Court for our limited review thereof.

The scope of this Court's review in this matter is accurately stated in *Fong Sen v. U. S. Immig. & Nat. Service,* 137 F.Supp. 236, at 238 (E.D.La.1956), aff'd per curiam 234 F.2d 656 (CA5 1956):

"Unless, upon the record of the administrative hearing afforded petitioner, the proceedings were manifestly unfair, discretion manifestly abused, error of law committed, or unless these proceedings contain no substantial evidence, considering the record as a whole, to support the administrative finding, that finding must stand."

We have carefully reviewed the administrative record herein and conclude that the administrative proceedings were fairly conducted with ample opportunity afforded plaintiff to present his evidence. We further conclude that no error of law was committed nor was discretion abused, and that there is substantial evidence in the record to support the administrative decision to deny plaintiff's requested nonimmigrant status change. The government's motion for summary judgment will be granted, and the injunction previously issued by this Court will be vacated and set aside, and this suit will be dismissed.

The record reveals that plaintiff, a citizen of Iran, arrived in the United States on January 6, 1975, at Kennedy Airport in New York, accompanied by his wife. He was admitted to this country by INS officials as a nonimmigrant visitor for pleasure, with authorized stay through February 28, 1975. Plaintiff's stated intention upon admission was to visit his aunt and uncle in Yonkers, New York. However, unable to locate his relatives, plaintiff instead traveled with his wife and a Mr. Grami to Washington, D. C., for one or two days of sightseeing, and then continued via Greyhound Bus to Baton Rouge, Louisiana, where all three

took residence with Mr. Grami's nephews. Shortly after his arrival in Baton Rouge, on or about January 15, 1975, Seihoon applied for admission, was accepted, and enrolled in the English Language & Orientation Program at Louisiana State University, without prior approval of INS authorities.

Plaintiff immediately undertook to comply with the procedural prerequisites of 22 C.F.R. § 41.45 in an attempt to have his status adjusted to nonimmigrant student. A certificate of eligibility form was issued by the Director of LSU's *English Language & Orientation Program* to INS on February 14, 1975, certifying plaintiff's acceptance into the language study program. Plaintiff also mailed a support affidavit form to his brother in Iran, who executed the document and mailed it back to plaintiff, who received it on February 27, 1975. On February 28, 1975, the last day of his authorized stay in the United States, plaintiff mailed his "Application for Change of Nonimmigrant Status", accompanied by the necessary supporting documents, to the INS District Office in New Orleans, Louisiana.

The INS District Director concluded that plaintiff "obtained a visitor's visa to come to the United States when [his] actual purpose . . . was to seek acceptance to a school for an extended period of study", and that plaintiff was "statutorily ineligible for change of non-immigrant classification in that [he] failed to maintain [his] status as a visitor by remaining in the United States beyond [his] authorized stay." A timely appeal was taken to the Regional Commissioner of INS.

In his original opinion, the Regional Commissioner, too, found that, based upon the evidence, plaintiff intended only to come to the United States to be a student, and thus was not a bona fide visitor for pleasure as he was classified. The Regional Commissioner also found that plaintiff "was not maintaining that status when the application [for change of status] was filed".

Upon this Court's remand for further administrative appellate proceedings, and after the receipt of additional evidence, the Regional Commissioner rendered a clarifying opinion. While acknowledging that the District Director and he both had concluded that plaintiff's ineligibility for status adjustment was partially due to the receipt of the application four days after plaintiff's visa had expired, he stated that his decision was principally based upon more substantive grounds rather than upon this technical reason. The Regional Commissioner then recited the rapid sequence of events following plaintiff's entry into the U. S., and drew the inference that plaintiff's sole intention in gaining entry to this country was to find a university which would accept him for enrollment as a student. This finding of implicit bad faith on plaintiff's part in securing the nonimmigrant "visitor for pleasure" visa compelled the Regional Commissioner to conclude that plaintiff was ineligible for a status change.

■ The Regional Commissioner also concluded that, assuming *arguendo* that plaintiff was a bona fide visitor for pleasure upon entry, he failed to maintain that status due to his enrollment as a student at LSU, and thus was ineligible for status adjustment under Title 8 U.S.C., Section 1258, which provides, in pertinent part, that

"The Attorney General *may,* under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other non-immigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant *who is continuing to maintain that status,* . . . ." (Emphasis added.)

Thus, even if a nonimmigrant alien meets the requisite conditions *and* maintains his current nonimmigrant status, the Attorney General may authorize an adjustment, but certainly is not mandated to do so. Where the nonimmigrant has failed to so maintain his existing status, he is not even eligible for consideration of a status change.

■ Counsel for plaintiff rely heavily on the cases of *Brownell v. Gutnayer,* 94

U.S.App.D.C. 90, 212 F.2d 462 (1954) and *Brownell v. Carija,* 102 U.S.App.D.C. 379, 254 F.2d 78 (1957) to support their contention that the Regional Commissioner's decision was based upon an error of law which is reviewable by this Court under 5 U.S.C. § 706(2)(A). Both *Gutnayer* and *Carija* involved attempts by nonimmigrant aliens to obtain adjustments in status under the Displaced Persons Act of 1948, 50 U.S.C.App. § 1951 et seq. In *Gutnayer,* an accredited official of a foreign government, admitted as a nonimmigrant, sought adjustment of his status to that of a "displaced person" under the Act, which would have entitled him to permanent residence in the United States. The Attorney General denied the requested status adjustment "on the ground that he entered the U. S. unlawfully in that at the time of his entry he intended to remain here permanently." The Court ruled that

> "plaintiff is not to be denied adjustment of status as a displaced person upon the theory that an intention to remain permanently in the United States made his entry unlawful." 212 F.2d 464.

In *Carija,* a family of Yugoslavian citizens bound for Paraguay entered the United States on nonimmigrant visas for travel to and through the U. S. Because of developing political conditions in Paraguay, they applied for adjustment of status under the Displaced Persons Act, supra, which was denied by the Attorney General. The District Court granted declaratory relief to the Yugoslavians, and on appeal by the Attorney General, the Court of Appeals, in affirming, held that

> " . . . an alien actually and in good faith in transit through the United States does not become an unlawful entrant because he entertains a desire, purpose or intent to remain here if the laws of the country permit him to do so. Such a purpose, so limited, could at best be only a hope." 254 F.2d at 80.

In the case at bar, counsel for plaintiff argue that the Regional Commissioner committed an error of law because he did not apply this jurisprudential "dual intent" doctrine to the facts as he found them to be. We agree that the doctrine was not applied, but no legal error was committed.

The Regional Commissioner's principal ground for dismissing plaintiff's appeal was that he believed plaintiff not to be a bona fide visitor for pleasure when he entered the United States on January 6, 1975. The basis for his opinion was the rapid course of events immediately following plaintiff's entry into this country which led to his expeditious enrollment at LSU. The Regional Commissioner certainly considered the applicability of the "dual intent" doctrine, but found it inapplicable since he concluded that plaintiff's *sole* intent in gaining entry to the U. S. was to enroll in an American university. As was stated in *Brownell v. Carija,* supra:

> "It is quite true that, if an alien enters the United States on a temporary permission but with a determination to stay here if possible—meaning by any means possible,—so that his representations to the authorities are false or fraudulent or misrepresentative, he has not lawfully entered this country. * * * The permit upon which such an alien enters, reciting that he is visiting the United States temporarily, . . . is an invalid document in that it was issued upon false information." 254 F.2d at 80.

This essentially is what the Regional Commissioner concluded in this case.

Even though we might disagree, this Court cannot reevaluate the evidence as there is substantial evidence to support both bases of the administrative decision. *Chi-Wai Lui v. Pilliod,* 358 F.Supp. 542 (N.D.Ill.1973). There was therefore no abuse of administrative discretion. *Paul v. U. S. Immig. & Nat. Service,* 521 F.2d 194 (CA 5 1975).

For these reasons, the plaintiff's motion for summary judgment will be denied, and the preliminary injunction issued by this Court on June 25, 1975, enjoining the enforcement of the voluntary departure order issued to plaintiff

**1212**

by INS will be vacated and set aside, and the United States' motion for summary judgment will be granted, dismissing this suit in its entirety. Judgment will be entered accordingly.