### Khalid MAHMOOD

v.

### Raymond J. MORRIS, District Director Immigration and Naturalization Service et al.

### Civ. A. No. 78–3493.

United States District Court, E. D. Pennsylvania.

Oct. 4, 1979.

Robert I. Whitelaw, Obermayer, Rebmann & Maxwell, Philadelphia, Pa., for plaintiff.

Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

Plaintiff, a native and citizen of Pakistan, entered the United States as a nonimmigrant visitor for pleasure on July 16, 1977. Ten days later plaintiff applied for admission to Edinboro State College (Edinboro), which admitted him the same day pursuant to its "rolling" admissions practice and issued a Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status". Two weeks later plaintiff filed an application with the Immigration and Naturalization Service (INS) to adjust his status from nonimmigrant visitor for pleasure to student. The District Director of INS, relying in part on the fact that Edinboro issued Form I-20 thirty-one days prior to plaintiff's arrival in the United States, denied plaintiff's application[1]. Plaintiff then appealed to the INS Regional Commissioner, who relied on the following facts in sustaining the decision of the District Director. Plaintiff enrolled at Edinboro no later than ten days after his arrival. Within a short time Edinboro also confirmed several additional factors which must be considered in deciding to accept a foreign student. The college determined that the plaintiff had sufficient funds available to support himself and that he spoke English proficiently. Finally, the Commissioner considered a letter of employment presented with an affidavit of support filed by plaintiff's brother and dated March 31, 1977, nearly three months prior to plaintiff's arrival.

From these facts the Commissioner drew the inference that plaintiff entered the United States not as a visitor for pleasure as he claimed, but rather as a prospective college student. Plaintiff, claiming abuse of discretion, then instituted this action to declare defendant's denial of plaintiff's application for change of nonimmigrant status "null and void" and to direct defendant to grant the application[2]. Both plaintiff and defendants now move for summary judgment.

The administrative decision of INS must be sustained unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", Administrative Procedure Act, 5 U.S.C. § 706(2)(A), *Lun Kwai Tsui v. Attorney General of the United States*, 445 F.Supp. 832, 835 (D.D.C.1978), or if the administrative record as a whole contains no "substantial evidence" to support the administrative finding. *Seihoon v. Levy*, 408 F.Supp. 1208, 1209 (M.D.La.1976). Although this Court might disagree with the District Director's conclusions, it may not reevaluate the evidence and substitute its opinion. *Id.* at 1211. In the case at bar substantial evidence supports the administrative decision. The rapid sequence of events following plaintiff's entry into the United States permitted the inference that plaintiff's sole intention in gaining entry to this country was to locate a college which would accept him for enrollment. Such a finding of implicit bad faith on plaintiff's part in securing the nonimmigrant visitor for pleasure visa allowed the District Director and Regional Commissioner to conclude that plaintiff was ineligible for a status change.

Plaintiff contends that the District Director relied largely on conjecture in reaching his decision. Yet plaintiff attempts to explain the letter confirming the employment of plaintiff's brother by the same means. Furthermore, the District Director assigned little credibility to Edinboro's incorrectly dated letter. That conclusion is not so unreasonable or manifestly abusive of his discretion to warrant redetermination.

The District Director also found that plaintiff was ineligible for a change in status under 8 U.S.C. § 1258, which

---

1. Originally, the date on Form I-20 read June 15, 1977. By a letter from the Dean of Admissions at Edinboro plaintiff later showed on appeal to the Regional Commissioner that the correct date of the I-20 form should have been July 26, 1977.

2. Plaintiff sought a declaratory judgment under 28 U.S.C. § 2201 and review under the Administrative Procedure Act, 5 U.S.C. § 704.

authorize[s] a change from a nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status.

To determine whether an applicant "continued to maintain that status" the District Director may consider "any conduct by the applicant relating to his maintenance of the status from which the applicant is seeking a change". 8 C.F.R. § 248.1(b). The District Director determined that plaintiff's behavior was inconsistent with his stated purpose of visiting for pleasure and therefore was ineligible for adjustment of his nonimmigrant status. As noted above, this conclusion is not so unreasonable or manifestly abusive to warrant redetermination. Accordingly, plaintiff's motion for summary judgment will be denied and defendants' motion for summary judgment will be granted.