663 F.2d 1042
 Hirabhai P. PATEL, Plaintiff-Appellant,
v.
Tyrus E. MINNIX, in his official capacity as district
director of the Atlanta Office of the U. S. Immigration and
Naturalization Service, U. S. Immigration and Naturalization
Service, Defendants-Appellees.
 No. 81-7439.
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 14, 1981.
 
 Myron N. Kramer, Atlanta, Ga., for plaintiff-appellant.
 Myles E. Eastwood, Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Patel, a native of India and a citizen of the United Kingdom, entered the United States on July 3, 1978, under the status of a nonimmigrant alien visitor for pleasure pursuant to 8 U.S.C.A. § 1101(a)(15)(B). On the day before the expiration of his authorized one month stay as a visitor, he applied for a change of status to that of a "treaty investor" as defined in 8 U.S.C.A. § 1101(a)(15)(E)(ii). The Immigration and Naturalization Service (INS) denied his application for change of status, and he brought the instant action for judicial review. The district court entered summary judgment affirming the final decision of INS. We affirm.
 
 
 2
 The facts can be briefly stated. Patel entered the United States on July 3, 1978, accompanied by his wife and children. He entered as a nonimmigrant alien in the status of a visitor, and was authorized to remain in this country until August 5, 1978. On July 18, 1978, fifteen days after he entered the country, appellant consummated a business deal in which he purchased from his sister and brother-in-law the St. Francis Hotel Court for approximately $364,968. Appellant received a warranty deed, delivered a promissory note in the amount of $40,000 to the sellers, and assumed a mortgage on the property in the amount of approximately $300,000. On August 4, 1978, one day before the expiration of appellant's authorized stay as a visitor, appellant applied to INS for a change of his status to that of a treaty investor. Treaty investor status enables an alien to remain in the United States for an indefinite, although temporary, period of time. The record includes an affidavit by appellant stating, in conclusory terms, that his intent when he entered the country was only to be a visitor, and that his intention to invest was formed only after arriving in this country. The record also includes a similar affidavit of appellant's brother-in-law.
 
 
 3
 The decision of the INS found that appellant did not enter the country as a bona fide visitor, but rather with the intent to conclude a business transaction in order to qualify for the status as a treaty investor. Concluding that appellant had circumvented the normal visa procedures, appellant's application for change of status was denied.
 
 
 4
 The parties agree that the only issue on appeal is whether the record as a whole provides substantial evidence to support the finding that appellant was not a bona fide visitor.
 
 
 5
 Our review of a decision of the INS is limited. A change of status to that of treaty investor is within the discretion of INS, and our review of that discretion is narrow. Sanghavi v. Immigration and Naturalization Service, 614 F.2d 511 (5th Cir. 1980).[1] In reviewing the exercise of that discretion, we may not substitute our own judgment for that of the INS. However, the findings of fact of the INS must be supported by substantial evidence on the record as a whole. Jarecha v. Immigration and Naturalization Service, 417 F.2d 220 (5th Cir. 1969).[2]
 
 
 6
 We begin by noting that appellant had the burden of proof in the proceedings below to establish his claim seeking a change of status to that of treaty investor. Sanghavi v. Immigration and Naturalization Service, 614 F.2d at 513. Kun Young Kim v. District Director, 586 F.2d 713, 716 (9th Cir. 1978). The only evidence in the record supporting appellant's claim that he entered the country innocently as a visitor, and without any intention relating to his subsequent investment, is the affidavit of appellant himself and that of his brother-in-law, which affidavits contain only conclusory assertions. (R. 59-62). Such unsupported and conclusory statements can be properly discounted. Sanghavi v. Immigration and Naturalization Service, 614 F.2d at 514. Pointing in the other direction are the events surrounding appellant's substantial investment and substantial change of lifestyle, which events occurred in rapid sequence following his entry into this country. Such a rapid sequence of events following an alien's entry into this country has been held to be substantial evidence that the alien did not in fact enter as a visitor, but in truth intended at the time to seek student status. Mahmood v. Morris, 477 F.Supp. 702 (E.D.Pa.1979); Lun Kwai Tsui v. Attorney General of the United States, 445 F.Supp. 832 (D.C. Dist. of Col. 1978); Seihoon v. Levy, 408 F.Supp. 1208 (M.D.La.1976).
 
 
 7
 Because appellant had the burden of proof to establish his status as a treaty investor, because he produced only the conclusory allegations above mentioned, and on the basis of the reasonable inferences which can properly be drawn from the rapid sequence of events and the substantial nature of the decisions reflected in appellant's activities immediately upon arriving in this country, we conclude that there is substantial evidence to support the decision of INS. Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 In Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (5th Cir. 1981), we held that the decisions of the former Fifth Circuit handed down before October 1, 1981, would be binding as precedent in the Eleventh Circuit
 
 
 [2]
 In Carrasco-Favela v. Immigration & Naturalization Service, 563 F.2d 1220 (5th Cir. 1977), the former Fifth Circuit applied the substantial evidence test to findings of fact, but noted at 1222, n. 5:
 While the factual basis for an exercise of administrative discretion thus appears to be subject to the substantial evidence standard, see Tuan v. INS, 5 Cir., 1976, 531 F.2d 1337; Jarecha v. INS, 5 Cir., 1969, 417 F.2d 220, other decisions of this Court indicate that review is limited to determining whether the denial of relief was arbitrary, capricious, or an abuse of discretion and whether the petitioner was accorded full procedural due process rights. E. g., Henry v. INS, 5 Cir., 1977, 552 F.2d 130.