**Irfan I. BITAR, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Robert Godshall, (District Director of Immigration and Naturalization Service), Defendants.**

**Civ. A. No. 83–F–1372.**

United States District Court,
D. Colorado.

Dec. 22, 1983.

Ann Allott, Law Offices of Ann Allott, P.C., Littleton, Colo., for plaintiff.

Robert N. Miller, U.S. Atty., Henry L. Solano, Asst. U.S. Atty., Denver, Colo., for defendants.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

IN THIS ACTION, Plaintiff seeks declaratory relief as to his status under the Immigration and Nationality Act of the United States, 8 U.S.C. § 1101 *et seq.* Specifically, Plaintiff seeks a judgment declaring that the denial of his application to change his status from that of a visitor to that of a student was arbitrary, an abuse of discretion and contrary to law. The Plaintiff

also seeks a judgment declaring that he is entitled to student status pursuant to the Immigration and Nationality Act.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 702. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

The parties have stipulated that the Court can rule on this matter as if the parties had filed cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In addition, the parties have submitted extensive briefs regarding the issues in this lawsuit.

The Court has thoroughly reviewed the administrative record in this case, as well as the briefs that have been filed on behalf of the parties. Upon careful consideration of the administrative record, the briefs, and all other material before the Court, the Court finds that the denial of Plaintiff's application for student status was not arbitrary, an abuse of discretion, or contrary to the law. Accordingly, the Court hereby DENIES Plaintiff's request for a judgment declaring that he is entitled to student status, and finds that Plaintiff's complaint should be DISMISSED.

The Plaintiff in this case is a citizen of the nation of Jordan. On February 4, 1980, the Plaintiff obtained a Jordanian passport in Jordan, valid until February 4, 1983.

Plaintiff maintains that in June, 1981, he received an invitation to visit his brother who is living in Boulder, Colorado. Plaintiff contends that in July, 1981, he also considered whether he should attend college in the United States of America. On July 13, 1981, the Plaintiff's father obtained a letter from the director of the Arab Chamber of Commerce and Industry in Jerusalem indicating that he was financially capable of sending his son to study at a university in the United States. Plaintiff maintains, however, that on July 20, 1981, he abandoned the idea of attending school in the United States and decided merely to visit his brother in Boulder, Colorado. The Plaintiff apparently then registered for college at Ibrahimiya College, Jerusalem, and

paid his school fees in the amount of approximately $360.00.

On August 13, 1981, Plaintiff applied for and received a visitor's visa from the United States Consulate in Jerusalem to permit him to travel to the United States to visit his brother. The Plaintiff entered the United States at New York, New York, as a B-2 nonimmigrant visitor on September 9, 1981.

Plaintiff maintains that on September 25, 1981, during a telephone conversation, Plaintiff's mother informed him that it was likely that the school he planned to attend in Jerusalem would not open because of political problems in that area.

On September 29, 1981, Plaintiff filed an application to extend the time of his temporary stay, stating the following reasons for his application:

While visiting my brother I became interested in joining CU—University of Boulder. I applied to attend school in spring & should submit an I-20 form in the near future & change status to F-1.

This extension was granted by the Defendant, and Plaintiff's authorized stay was extended to January 9, 1982.

Plaintiff's college in Jerusalem, Ibrahimiya College, did not open on October 25, 1981. On November 4, 1981, Ibrahimiya College was officially closed until January 4, 1982.

During November of 1981, Plaintiff took examinations for entrance to the University of Colorado. On November 11, 1981, Plaintiff was accepted for admission to Community College of Denver North Campus.

On November 16, 1981, Plaintiff requested permission to change his status from that of a visitor for pleasure (B-2 status) to student status (F-1 status), by filing a form I-506 with the Immigration and Naturalization Service (INS). Plaintiff requested permission to remain in the United States until January 26, 1986. Plaintiff submitted the following documents to the INS in addition to his application: (1) a certificate of eligibility from the Community College of Denver which indicates that

he completed his high school studies on May 24, 1980; (2) a letter from the Community College of Denver which certified his acceptance for the spring semester; (3) a letter from his brother and sister-in-law with employment and income information; and (4) a letter dated July 13, 1981, from the Director of the Arab Chamber of Commerce and Industry—Jerusalem, certifying that Plaintiff's father had the financial means to send his son to school in the United States.

On May 19, 1982, the application for change of nonimmigrant status was denied by the Defendant. Defendant concluded that Plaintiff had attempted to circumvent the prescribed visa-issuing procedures by securing a visitor visa rather than a student visa when he intended to study in the United States. Plaintiff appealed the Defendant's decision, and said appeal was dismissed by the Regional Commissioner of INS on August 10, 1982, on the grounds that the decision had not been arbitrary, capricious, or contrary to law.

Plaintiff filed a motion for reconsideration with the Regional Commissioner, and, after being granted thirty days to obtain information to substantiate his position, Plaintiff failed to appear for processing on October 19, 1982. Plaintiff's additional information was submitted to the Regional Commissioner on February 9, 1983 and February 10, 1983. On April 21, 1983, the Regional Commissioner denied Plaintiff's motion for reconsideration, finding that Plaintiff had failed to meet his burden of proof for establishing eligibility for the benefit sought. On May 5, 1983, an order to show cause why Plaintiff should not be deported from the United States was issued.

Plaintiff filed the instant action on August 1, 1983. As noted above, Plaintiff has requested this court to: (1) enter a judgment declaring that the denial of his petition was arbitrary, an abuse of discretion, and contrary to law; (2) enter an order declaring that Plaintiff is entitled to F-1 student status; and (3) restrain the Defendant from deporting Plaintiff pending final determination of this action.

The burden of proof is on an individual, such as the Plaintiff, to establish his eligibility for classification as a nonimmigrant student. Immigration and Nationality Act, § 291, 8 U.S.C. § 1361; *Campos v. I.N.S.*, 402 F.2d 758, 760 (9th Cir.1968). Furthermore, a grant of a change of nonimmigration status is discretionary. Immigration and Nationality Act, §§ 212(a)(19, 26), 248, 8 U.S.C. §§ 1182(a)·(19, 26), 1258. Accordingly, an applicant's proof in this type of a case must be unambiguous and any doubts must be resolved against the applicant. *See Yung Tsang Chiu v. United States Department Of Justice*, 706 F.2d 774 (6th Cir.1983).

Our review of the decisions of the INS, therefore, is necessarily limited. The merit of such an administrative decision is to be determined by the Court exclusively on the basis of the administrative record. *Vissian v. I.N.S.*, 548 F.2d 325 (10th Cir. 1977); *Richards v. I.N.S.*, 554 F.2d 1173 (D.C.Cir.1977). Furthermore, under the Administrative Procedure Act, § 10(e)(2)(A), the administrative decision must be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1970); *Richards v. I.N.S., supra* at 177. It should be noted, however, that support exists for the view that courts should determine whether the findings of fact of the INS are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *See Sing Ding Chan v. I.N.S.*, 631 F.2d 978 (D.C.Cir.1980); *Patel v. Minnix*, 663 F.2d 1042 (11th Cir.1981).

In the instant case, the Court finds that the decisions in question were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with state law. Furthermore, the Court specifically finds that the findings of fact made by the INS are supported by reasonable, substantial and probative evidence on the record considered as a whole.

As noted above, the administrative record contains a letter written on behalf of Plaintiff's father on July 13, 1981, demonstrating the father's capability of financing Plaintiff's education in the United States. Although, as Plaintiff argues, the letter may not have been sent to the United States until November, 1981, the letter clearly indicates that Plaintiff had considered the possibility of attending school in the United States prior to the time he entered this country on a visitor's visa. Furthermore, the explanations currently offered by Plaintiff as to the reasons for the preparation of the July 13, 1981 letter were apparently not given at the time of the decisions which form the basis of this lawsuit. Accordingly, the letter in question, and the administrative record in this case, clearly supports the decisions of the INS.

The Court also notes that a rapid sequence of events following an alien's entry into this country has been held to be substantial evidence that the alien did not in fact enter as a visitor, but in truth intended to seek student status. *Sanghavi v. I.N.S.*, 614 F.2d 511 (5th Cir.1980).

In the instant case, Plaintiff maintains that he did not apply for student status until November of 1981, some three months after he entered this country as a visitor. The record, however, indicates that he filed a request for an extension of his visitor's visa within twenty days from the time of his entry for the express purpose of pursuing an application to college and filing for a change of status. Accordingly, the rapid sequence of events in this case is evidence that the Plaintiff intended to seek student status at the time he entered this country.

The Court also notes that discretion in a case such as this is not abused merely because the applicant's testimony is not believed or found unpersuasive. To the extent some of Plaintiff's explanations were presented, and not accepted, the Court finds that such conduct on the part of INS does not constitute an abuse of discretion in light of the evidence on the record. Furthermore, to the extent that some of Defendant's explanations were apparently not even presented prior to the decisions that form the basis of the instant case, the Court finds that the evidence on the record, as it existed at that time, was ample to support the decisions reached by the Defendants.

Therefore, the Court finds that there was no abuse of discretion in Defendant's decision to deny Plaintiff's application to change his nonimmigrant status. The Court hereby affirms the Defendants' decisions.

### ORDER

For the reasons stated above, Plaintiff's Complaint for declaratory and injunctive relief is hereby DISMISSED.