**Yun-Sing TUAN, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 76–1061
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 24, 1976.

Rehearing Denied July 6, 1976.

Wallace R. Heitman, Dallas, Tex., for petitioner.

Edward H. Levi, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Frank D. McCown, U. S. Atty., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., B. Franklin Taylor, Jr., Acting Chief, Government Regulations Section, Crim. Div., James P. Morris, Rex L. Young, Dept. of Justice, Washington, D. C., for respondent.

Troy A. Adams, Jr., Dist. Dir., Immig. & Nat. Ser., New Orleans, La., for other interested parties.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Tuan petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of the Immigration Judge in a deportation proceeding which denied an adjustment of his status to permanent resident. We affirm the Board's order.

The Government began deportation proceedings against Tuan in September 1973. At his show cause hearing petitioner conceded his deportability under 8 U.S.C.A. § 1251(a)(9), but he sought an adjustment of his status from nonimmigrant to permanent resident, 8 U.S.C.A. § 1255. The Immigration Judge refused Tuan's request for adjustment, (i) on the basis that he was statutorily ineligible for readjustment because his required labor certification, 8 U.S.C.A. § 1182(a)(14), was issued pursuant to misrepresentation by Tuan, and (ii) in the exercise of his discretion on the basis of his finding that Tuan had a preconceived intent to remain in the United States which was not balanced by any equities warranting adjustment of status. The Board dismissed the appeal on the basis of (ii), Tuan's preconceived intent.[1]

On direct appeal to this Court, 8 U.S.C.A. § 1105a, we review the denial of discretionary relief narrowly. *Jarecha v. Immigration & Naturalization Service*, 5 Cir., 1969, 417 F.2d 220, 224. We find that the Immigration Judge's conclusion that Tuan had preconceived intent to remain in the United States was based on substantial evidence[2] and was not arbitrary or capricious. Tuan was accorded all of the requirements of due process by a full hearing before the Immigration Judge and appeal to the Board as well as this Court.

AFFIRMED.

1. The Board did not rule on (i) because of conflicting evidence concerning the issuance of the labor certification.

2. Tuan entered on a business visitor's visa representing the Full Hand Company of Taiwan. Within a month he filed an application for his labor certification using a letter of recommen-

dation prepared by a Taiwan employer six months before Tuan's arrival in the United States.

