Heriberto CARRASCO–FAVELA,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 77–1964
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1977.

Wallace R. Heitman, Dallas, Tex., for petitioner.

Philip Wilens, Chief, Government Regulations and Labor Section, Criminal Division.

Robert Kendall, Jr., James P. Morris, Attys., Griffin B. Bell, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., for respondent.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, RONEY and HILL, Circuit Judges.

PER CURIAM:

In 1975, an Immigration Judge ordered Carrasco-Favela to be deported to Mexico on the basis of his conviction for a narcotics offense. The Board of Immigration Appeals dismissed his appeal in 1977. On this petition for review of the dismissal, Carrasco-Favela contends that the Board wrongfully denied him relief from deportation under the statutory provision for permanent resident aliens with a lawful unrelinquished domicile of seven consecutive years in this country. We affirm the Board's decision.[1]

Petitioner, a native and citizen of Mexico, was admitted to the United States as a permanent resident in 1960. He remained in this country until 1970, when he returned to Mexico to live while continuing to work in the United States. In 1974, he was convicted in the United States District Court for the Western District of Texas for importing marijuana into the United States, in violation of 21 U.S.C. § 952(a), and was sentenced to five years of imprisonment. The Immigration and Naturalization Service (INS) then instituted deportation proceedings on the basis of the narcotics conviction under Section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11).[2] At a hearing held in November, 1975, shortly after his release on parole, petitioner requested that if he were found deportable under Section 241(a)(11), deportation should be waived under Section 212(c), 8 U.S.C. § 1182(c), which gives the agency discretion to allow certain deportable aliens advance permission to remain in this country:

(c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title.[3]

In an oral decision, the Immigration Judge ruled that Carrasco-Favela's conviction for a narcotics offense made him ineligible for relief under Section 212(c). The

---

1. We are empowered to review "final orders of deportation," Immigration and Nationality Act § 106, 8 U.S.C. § 1105a (1970).

2. 8 U.S.C. § 1251(a)(11) provides:
 (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
 (11) . . . at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of . . . marihuana . . . .

3. While Section 212(c) is facially limited to exclusion proceedings, the INS has long applied it to deportation proceedings as well, interpreting the Act to "mean that a waiver of the ground of inadmissibility may be granted in a deportation proceeding when, at the time of the alien's last entry, he was inadmissible because of the same facts which form the basis of his deportability." *Matter of Silva*, Int.Dec. # 2532, September 10, 1976; *Matter of G.A.*, 7 I. & N. Dec. 274 (1956); *Matter of L.*, 1 I. & N. Dec. 1 (1940) (decided under the predecessor statute, the Seventh Proviso to Section 3 of the 1917 Act, 39 Stat. 874). Until recently, the INS limited Section 212(c) to apply only to aliens who departed the country and returned after they became deportable. This statutory construction, which would have made Carrasco-Favela ineligible for relief, was held unconstitutional by the Second Circuit in *Francis v. INS*, 2 Cir., 1976, 532 F.2d 268, as an irrational classification that violated the equal protection clause. In *Matter of Silva, supra*, at 7, the INS adopted this position, stating that "a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable."

Board of Immigration Appeals reversed this ruling, but agreed with the Immigration Judge's alternative grounds for finding the petitioner deportable: (i) that the petitioner had relinquished his United States domicile from 1970 through 1974 by assuming the status of a commuter between this country and Mexico; and (ii) even if the petitioner had not thereby lost his statutory eligibility, he did not merit a favorable exercise of discretion.[4]

 Our review of the Board's denial of discretionary relief is narrow [5] in scope. Petitioner's first contention on appeal is that the Board erred in ruling that he became ineligible for relief by relinquishing his domicile in the United States. Whether petitioner abandoned this domicile when he returned to Mexico in 1970 is mainly a question of fact turning on petitioner's intent to remain indefinitely in Mexico or a lack of intent to make his home elsewhere. *Mas v. Perry*, 5 Cir., 1974, 489 F.2d 1396, *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70; *Garner v. Pearson*, M.D.Fla., 1973, 374 F.Supp. 580, 589–90. The Board applied the correct legal standard in weighing Carrasco-Favela's assertion that he did not intend to make Mexico his home against all the circumstances surrounding his change of residence. *Hendry v. Masonite Corporation*, 5 Cir., 1972, 455 F.2d 955, 956; C. Wright, 13 Fed.Prac. & Procedure, § 3612, at 716–20 (1975). Both the Immigration Judge and the Board concluded that when Carrasco-Favela returned to Mexico in 1970 to live with his wife, a native and citizen of that country, and commuted daily to work in El Paso, Texas for three of the four years preceding his 1974 arrest and incarceration, he intended to reside in Mexico indefinitely. We find that this interpretation of the facts is supported by substantial evidence in the record.[6]

Petitioner's second contention is that the Board erred in affirming the Immigration Judge's decision that Carrasco-Favela did not merit a favorable exercise of discretion. Because we uphold the Board's determination that the petitioner was statutorily ineligible for relief, we need not reach this contention.

AFFIRMED.

---

**4.** The Immigration Judge also denied petitioner's request for voluntary departure under 8 U.S.C. § 1252(g), but no appeal is taken from this ruling.

**5.** The statute instructs that "the petition shall be determined solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive." 8 U.S.C. § 1105a(a)(4). While the factual basis for an exercise of administrative discretion thus appears to be subject to the substantial evidence standard, see *Tuan v. INS*, 5 Cir., 1976, 531 F.2d 1337; *Jarecha v. INS*, 5 Cir., 1969, 417 F.2d 220, other decisions of this Court indicate that review is limited to determining whether the denial of relief was arbitrary, capricious, or an abuse of discretion and whether the petitioner was accorded full procedural due process rights. *E. g., Henry v. INS*, 5 Cir., 1977, 552 F.2d 130.

**6.** The Board relied on the facts that Carrasco-Favela returned to Mexico in 1970 to a house purchased before his 1968 marriage, that his wife did not apply for an immigrant visa until 1972, four years after their marriage and two years after their return to Mexico, and that his 1974 return to the United States was involuntary. While the record contains some evidence to support petitioner's claimed intent to maintain his United States domicile, we cannot substitute our judgment for that of the Board's.