585 F.2d 762
 Jesus Manuel SIERRA-REYES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, an agency of the
United States Government and its Director, the
Attorney General of the United States,
Respondents.
 No. 78-1874
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Dec. 7, 1978.
 Joseph J. Rey, Jr., El Paso, Tex., for petitioner.
 Griffin B. Bell, Atty. Gen., Philip Wilens, Chief, Government Reg. and Labor Section, James P. Morris, Atty., Eric A. Fisher, Dept. of Justice, Washington, D. C., for respondents.
 Charles Perez, Dist. Director, Immigration and Naturalization Service, El Paso, Tex., Troy A. Adams, Jr., Dist. Director, Immigration and Naturalization Service, New Orleans, La., for other interested parties.
 Petition for Review of Order of the Immigration and Naturalization Service.
 Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petitioner, Jesus Manuel Sierra-Reyes, was found deportable and denied discretionary relief from deportation by an immigration judge. The Board of Immigration Appeals dismissed petitioner's appeal and affirmed the order of deportation. We affirm and dismiss this petition for review.
 
 
 2
 The petitioner admits that he was born in Mexico and that his mother is not a United States citizen, and he has never alleged becoming a naturalized American citizen. He was admitted to the United States as a lawful permanent resident on January 14, 1952, when he was two months old. He married an American citizen on April 16, 1973.
 
 
 3
 Deportation proceedings were initiated with the issuance of an Order to Show Cause on December 24, 1975. The petitioner was charged with deportability under § 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (4), which provides:
 
 
 4
 (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who
 
 
 5
 (4) . . . at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial;
 
 
 6
 The petitioner was convicted in 1969 of theft and sentenced to two years imprisonment, but sentence was suspended and he was placed on probation. In 1970, petitioner was convicted of burglary and again sentenced to two years imprisonment, with sentence suspended and probation imposed.[1]
 
 
 7
 Before the immigration judge and the Board, petitioner argued that he should be granted discretionary relief from deportation under § 212(c) of the Act, 8 U.S.C.A. § 1182(c). That section provides:
 
 
 8
 (c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)-(25), (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title.
 
 
 9
 Although the statute is by its terms applicable only to aliens seeking to reenter the United States after a trip abroad, the Board has by interpretation extended its benefits to nondeparting permanent resident aliens who have resided in the United States for over seven years. Matter of Silva, Interim Decision 2532 (BIA 1976), adopting the decision of the Second Circuit, Francis v. INS, 2 Cir., 1976, 532 F.2d 268[2]. The immigration judge refused to grant petitioner discretionary relief and the Board affirmed. Balancing the affirmative equities the petitioner's lifelong residence in the United States, his marriage to an American citizen, and several attestations to his good character against the adverse factors principally, the petitioner's criminal record the Board found itself "unable to exercise our administrative discretion favorably[3]."
 
 
 10
 On this petition for review, the petitioner's principal contention is that he has advanced a nonfrivolous claim to United States citizenship. He apparently rests his claim to citizenship on his long residence in the United States he asserts that he is "a product of the United States" and that he "owes no allegiance to any foreign country."
 
 
 11
 Section 106(a)(5) of the Act, 8 U.S.C.A. § 1105a(a)(5), provides:
 
 
 12
 (5) whenever any petitioner, who seeks review of an order under this section, claims to be a national of the United States and makes a showing that his claim is not frivolous, the court shall (A) pass upon the issues presented when it appears from the pleadings and affidavits filed by the parties that no genuine issue of material fact is presented; or (B) where a genuine issue of material fact as to the petitioner's nationality is presented, transfer the proceedings to a United States district court for the district where the petitioner has his residence for hearing de novo of the nationality claim and determination as if such proceedings were originally initiated in the district court under the provisions of section 2201 of Title 28. Any such petitioner shall not be entitled to have such issue determined under section 1503(a) of this title or otherwise;
 
 
 13
 The statute requires a two-step analysis in determining whether to transfer the proceedings to a District Court: the Court of Appeals must (1) be convinced that the claim is not frivolous that is, that the legal theory underlying it is not totally meritless; and (2) determine that there exists a genuine issue of material fact to be resolved. See Agosto v. INS, 1978, 436 U.S. 748, 98 S.Ct. 2081, 56 L.Ed.2d 677. In this case neither of these two requirements is satisfied. The material facts are not in dispute, only the legal consequences of those facts. Moreover, the petitioner's legal theory is meritless. He was born in Mexico, his mother is not an American citizen, and he has never filed a petition for naturalization. There is no provision in the statutes conferring citizenship solely on the basis of long residence in the United States.
 
 
 14
 The petitioner makes several other related arguments. For example, he argues that if he is an alien and if the deportation statutes therefore apply to him, the application of those statutes in this case violates the equal protection clause. His argument is that by virtue of his long residence, he stands similarly situated to any person born in the United States. Since "an individual born in this country would not be deported if he committed the same identical crimes" as the petitioner, the deportation statutes effect an unlawful discrimination. We have considered this and other arguments raised by petitioner and find them meritless.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Petitioner's probation on the 1969 sentence was not revoked following the 1970 conviction. The Government speculates that this was due to the listing of different first names (Manuel 1969; Jesus M. 1970) on the records of conviction
 
 
 [2]
 Because of our resolution of the issues presented by petitioner, we need not decide the extent to which we agree with the reasoning or result of these cases
 
 
 [3]
 The petitioner has not attacked this exercise of discretion as such, but has instead argued only that the Board erred in applying the deportation statutes to him at all. Our review of the administrative record has revealed that the immigration judge considered as "adverse factors" two police reports that implicated petitioner in criminal activity. Petitioner was never prosecuted for these alleged crimes, apparently because the prosecuting authorities decided that they had insufficient evidence to prosecute. In our view, these police reports were not probative of anything and should not have been considered as "adverse factors." Cf. Rassano v. INS, 7 Cir., 1974, 492 F.2d 220. We are quite concerned about the consideration of and reliance on these police reports by the immigration judge and would be tempted to remand for reconsideration were this a closer case. But since the other evidence revealed, as the immigration judge observed, a "rather lengthy, involved and complicated involvement with law," and since the petitioner has failed to raise the point on review, we do not think that the consideration of these reports warrants our reversing the Board's decision. The scope of our review of the Board's decisions on whether to grant discretionary relief is quite limited. See United States ex rel. Hintopolous v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652; Carrasco-Favela v. INS, 5 Cir., 1977, 563 F.2d 1220, 1222