**JUNG BEEN SUH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

No. 78–1457.

United States Court of Appeals, Fifth Circuit.

March 28, 1979.

Bader, Dorsey & Kreshtool, Thomas S. Neuberger, Wilmington, Del., for petitioner.

Griffin B. Bell, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Philip Wilens, Chief, James P. Morris, Atty., Eric A. Fisher, Govt. Reg. & Labor Section, Dept. of Justice, Washington, D. C., for respondent.

Daniel L. Kahn, Trial Atty., Immig. & Nat. Ser., Dallas, Tex., Troy A. Adams Jr., Dist. Dir., Immig. & Nat. Ser., New Orleans, La., for other interested parties.

Before INGRAHAM, GEE and FAY, Circuit Judges.

INGRAHAM, Circuit Judge:

Petitioner Jung Been Suh, a Korean citizen, seeks review of an order by the Board of Immigration Appeals (BIA) denying an application for adjustment of status under § 245 of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1255 (1976).[1] Petitioner overstayed his visa and was subject to deportation proceedings. In order to avoid deportation, he filed an application for adjustment of status as a non-preference immigrant.[2] Although a visa number was not available to non-preference applicants at the time of petitioner's application, authorities of the Immigration and Naturalization Service (INS) accepted and retained the application. The immigration judge denied the application for adjustment of status and the BIA affirmed the decision. We hold that the retention and adjudication of petitioner's non-preference visa application was error. Accordingly, we vacate the BIA order and remand the case to the BIA with instructions to permit petitioner to file an application for a sixth preference visa with the benefit of his original April 1976 priority date.

Petitioner is the owner-operator of Fashion Paradise, a retail wig store in Fort Worth, Texas. He was formerly employed as the manager of Wig Flair, a retail wig store in Dallas, Texas, owned by W. Um Jung.

Petitioner was admitted to the United States at Honolulu, Hawaii, on August 16, 1972, as a non-immigrant visitor for business. He remained beyond the expiration of his visa, May 15, 1973. Consequently, on March 15, 1976, the INS commenced deportation proceedings against him. On April 13, 1976, in a hearing before an immigration judge, petitioner conceded deportability. The immigration judge granted him the privilege of voluntary departure in lieu of deportation until May 15, 1976.

Instead of voluntarily departing, on April 23, 1976, petitioner pro se filed Form I–485, an application for status as a permanent resident, and Form I–526, an application for exemption from the labor certification requirement of § 212(a)(14) of the Immigra-

---

1. Section 245 of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1255 (1976), provides in part:

     (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

2. Immigrant visas are allocated among eight statutory categories. See 8 U.S.C. § 1153(a) (1976). The sixth preference category includes "qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." 8 U.S.C. § 1153(a)(6) (1976). The eighth, or non-preference category, is the residual category from which any remaining visas from the world-wide annual quota are dispensed.

tion and Nationality Act of 1952, as amended, 8 U.S.C. § 1182(a)(14) (1976), as an investor, 8 C.F.R. § 212.8(b)(4) (1976).

On June 7, 1976, the immigration judge reopened deportation proceedings to consider petitioner's application for adjustment of status. The INS stipulated that petitioner qualified as an investor. Treating his application as a request for a non-preference visa, the immigration judge denied the application, because non-preference visa numbers were unavailable for Korean nationals April 1976.

The immigration regulations contemplate that the INS will not accept, much less adjudicate, an application for adjustment of status as a non-preference immigrant unless a visa number is immediately available. Prior to its amendment effective January 1, 1977, 8 C.F.R. § 245.2(a)(2) provided for the retention of Form I–485, if the visa petition was found approvable upon initial review.[3] Presently, it provides for the retention of Form I–485 until the petition is adjudicated, if approval would make a visa immediately available at the time of filing of the application.

Petitioner's Form I–485 was wrongfully retained by the INS under either version of the regulation. According to the Visa Bulletin of the Department of State, no visa number was available for non-preference visa applicants on the filing date of petitioner's application, April 23, 1976. Hence, the visa petition was not approvable upon initial review. Nor was a visa immediately available at the time petitioner filed his application. Nonetheless, petitioner's application for status as a permanent resident

was accepted and retained by the INS. The INS received petitioner's $25 processing fee and stamped the application "Fee Paid." Immigration Judge James R. Smith verified acceptance of the application by initialing the Form I–485. The INS not only accepted Suh's application but also adjudicated the application: Judge Smith denied the application for adjustment of status on June 7, 1976.

We do not look with favor upon the INS violation of its own regulations. *See Mendez v. Immigration and Naturalization Service,* 563 F.2d 956 (9th Cir. 1977). If the INS had refused to accept petitioner's application, as it should have, in light of the unavailability of a non-preference visa number, petitioner could have obtained a labor certificate[4] and filed a Form I–140 for a sixth preference visa for which visa numbers were available in April 1976 according to the Visa Bulletin of the Department of State. He would have secured adjustment of status and avoided deportation.

To leave uncorrected the INS violation of its own regulation would impose upon petitioner the undue hardship of deportation. *See Immigration and Naturalization Service v. Hibi,* 414 U.S. 5, 8, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973); *Santiago v. Immigration and Naturalization Service,* 526 F.2d 488, 491–92 (9th Cir. 1975). In the interest of justice, we vacate the order of the BIA denying petitioner's application for adjustment of status and remand the case to the BIA with instructions to permit petitioner to apply for a sixth preference visa by filing Form I–140 and a labor certificate with the

---

**3.** 8 C.F.R. § 245.2(a)(2) (1976) provides in part:

> If a visa petition is submitted simultaneously with the adjustment application, the adjustment application shall be retained and processed only if the petition is found to be in order for approval upon initial review by an immigration officer, is approved, and approval makes the visa immediately available
> . . . . .

**4.** Although petitioner may have been exempt from the labor certificate requirement for purposes of the non-preference visa application, he is not exempt from the labor certificate requirement for purposes of the sixth preference visa.

8 C.F.R. § 204.1(c)(1) (1976). The purpose of the labor certificate issued by the Secretary of Labor is to verify that:

> (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

8 U.S.C. § 1182(a)(14) (1976).

benefit of the April 23, 1976 priority date. *See Yoo v. Immigration and Naturalization Service,* 534 F.2d 1325, 1329 (9th Cir. 1976).

VACATED AND REMANDED.