**Dong Sik KWON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 79–2850
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1980.

Eugenio Cazorla, Dallas, Tex., for petitioner.

Eric A. Fisher, Atty., James P. Morris, Atty., Govt. Reg. & Labor Section, Dept. of Justice, Washington, D.C., for respondent.

Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

The Immigration Service, in violation of its regulations, accepted an application from Dong Sik Kwon, a Korean national, for permanent residence in the United States as an investor, a non-preference status, at a time when his application could not be accepted because there were no non-preference numbers available, and then kept it for more than two years. The visa seeker contends that, had his application been promptly rejected, he could and would have applied for admission with a labor certification, a preference visa, and would have been admitted. Therefore, he concludes, he should now be allowed to file a preference visa petition with a priority date retroactive to the time when, had he been given proper advice by the INS, he could have done so. Because the record before us is too incomplete to permit determination of the merits of the case, we reverse the dismissal of this appeal by the Board of Immigration Appeals and remand for further proceedings.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Mr. Kwon entered the United States, professedly for pleasure, on September 5, 1975, authorized to remain only until October 4. He overstayed his leave without permission, but on March 31, 1976, he sought an adjustment of his status, changing it from visitor to investor. The immigration judge found, with substantial support from the record, that he was not an investor. The Board affirmed on the ground that no non-preference visas were available for natives of Korea. This, however, does not determine whether Mr. Kwon was prejudiced by the mere acceptance of his investor application because that misled him and caused him not to seek to immigrate as a preference applicant.

The statute authorizes a sixth preference immigration status for persons who desire to work in the United States. To qualify, the applicant must first obtain a certificate by the Secretary of Labor that there are not sufficient workers in the United States and at the place where the immigrant is destined to perform the labor the immigrant proposes to do and that his employment will not adversely affect the wages and working condition of workers in the United States similarly employed. He must then have an employer submit a visa petition on his behalf showing that, if admitted, the applicant will have a job. 8 U.S.C. § 1154; 8 C.F.R. 204.1(c) and 204.2(e). The government argues that only then could Mr. Kwon qualify for a preference visa, regardless of the priority date of his application, and that he has not shown he could meet these threshold requirements.

Mr. Kwon relies upon our decision in *Suh v. INS*, 592 F.2d 230 (5th Cir. 1979), in which we reversed a deportation order because the INS had, as in Mr. Kwon's case, improperly accepted an application. The issue now raised by the government was not there considered. The *Suh* opinion assumes that the visa applicant was prejudiced by the government's action; the government here asks us to decide that Mr. Kwon was not prejudiced. No evidence on the question has been adduced, and it would be inappropriate for us to consider the question de novo; indeed, it is raised for the first time on this appeal. If the improper acceptance of Mr. Kwon's application merely prolonged his stay and did not prejudice him in any way, he should not be accorded a further delay in deportation merely because the INS did not act correctly. On the other hand, if he has been prejudiced, *Suh* is applicable. Therefore, we remand for a further hearing to permit the INS and Mr. Kwon to adduce such evidence as they consider appropriate, and for further findings by the Board of Appeals either in this proceeding or, should it choose to do so, following dismissal of the present deportation order and issuance of a new order.[1]

The government asks us in any event to reject Mr. Kwon's appeal because, even if evidence sufficient to justify a change or adjustment in status is adduced, the change is not mandatory; the statute gives the Attorney General (who has delegated his authority to the Board of Immigration Appeals) discretion to make the change.[2] While the immigration judge also con-

---

1. Mr. Kwon's designation of himself as an investor appears inconsistent with a profession that, if he is not an investor, he is admissible as a laborer. The intent behind the investor exemption to the labor certification requirement is that the applicant will not be in the labor market in competition with American workers for jobs. In fact, the present regulations involving investors require that the applicant-investor provide at least one American with a job. 8 C.F.R. 212.8(b)(4). On the other hand, the sixth preference visa is intended for those seeking to enter the United States labor force who seek to perform jobs that could not be filled by Americans. The statute permits such visas only for "qualified immigrants who are capable of performing specified skills or un-

skilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." 8 U.S.C. § 1153(a)(6). Under *Suh*, the question is not merely whether Mr. Kwon was a bona fide investor when he applied for adjustment of status as such in 1976, but whether he was prejudiced by the improper acceptance of his application.

2. Even as an applicant for preference, Mr. Kwon must seek an adjustment of status, *see Tai Mui v. Esperdy*, 371 F.2d 772 (2d Cir. 1966), *cert. denied* 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454, a change that lies in the sound discretion of the Board of Immigration Ap-

sidered whether Mr. Kwon merited exercise of discretion, and concluded that he did not, he did not have before him the additional facts now alleged. The immigration judge found that Mr. Kwon came to the United States without a ticket for his departure, soon thereafter brought his wife and three children from Korea and sold his business and home in Korea. He, therefore, concluded with full support from the evidence then in the record, that appellant had "a preconceived intent to reside permanently in the United States," warranting denial of the application. *See Tuan v. INS*, 531 F.2d 1337 (5th Cir. 1976); *Soo Yuen v. INS*, 456 F.2d 1107 (9th Cir. 1972). We find no error in that conclusion on the record then made, nor do we intimate that the result should change if Mr. Kwon proves that he has suffered detriment. We merely hold that the conclusion must be reached on a complete record.

For these reasons, the petition for review is GRANTED and the case is remanded for further proceedings consistent with this opinion.

David S. Yen, Legal Services Corp. of Ala., Montgomery, Ala., for plaintiff-appellant.

Barry E. Teague, U. S. Atty., Susan B. Bevill, Asst. U. S. Atty., Montgomery, Ala., for defendant-appellee.

peals. 8 U.S.C. § 1255(a); *see* 8 C.F.R. §§ 3.1, 242.8, 242.21, 245.2(c).